**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **Criminal No. 1:21-CR-00040-TNM** |
| **v.** | ) | |
| | ) | |
| **FEDERICO GUILLERMO KLEIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>NOTICE OF AUTHORITY</u>

*Inter alia*, Defendant Federico "Freddie" Guillermo Klein is alleged to have assaulted, resisted, or impeded law enforcement in violation of 18 U.S.C. § 111(a)(1). Fifth Superseding Indictment (Dec. 1, 2021) (ECF No. 179). Specifically, when the Grand Jury returned the operative indictment as against Mr. Klein, it identified U.S. Capitol Police Officers A.G. and C.W. in counts seventeen (17) and nineteen (19) of the Superseding Indictment, respectively. Now, despite having twenty-eight (28) months to prepare for trial, after the government rested its case-in-chief, it concedes it failed to introduce evidence sufficient to identify these officers in the hundreds of exhibits and hours of video introduced at trial.

Accordingly, this Court has asked the parties to brief two questions: 1) whether the government's failure to introduce evidence sufficient to identify officers A.G. and C.W. is fatal to counts seventeen (17) and nineteen (19) respectively and, if so, 2) whether the government should be permitted to reopen its case-in-chief to meet its burden. The answer is that the government's inexplicable oversight is fatal and that its negligence does not warrant allowing the government to reopen its case-in-chief.

### *The Grand Jury Specifically Identified Officers A.G. and C.W. in Its Indictment*

The government's suggestion that this Court simply ignore the fact that Officers A.G. and C.W. were named in the operative indictment contravenes Mr. Klein's Fifth Amendment right, "to have the grand jury make the charge on its own judgment." *Stirone v. United States*, 361 U.S. 212, 219 (1960). As the Supreme Court observed in *Stirone*, "we cannot know whether the grand jury would have included in its indictment a [similar] charge . . . [y]et because of the court's admission of evidence and under its charge [the defendant may have been] convicted on a charge the grand jury never made against him [constituting] fatal error." *Id.*

The D.C. Circuit has expressly recognized the import of *Stirone* on indictments in this District. In *Gaither v. United States*, the Circuit observed: "The sweeping powers of the grand jury over the terms of the indictment entail very strict limitations upon the power of prosecutor or court to change the indictment found by the jurors, or to prove at trial facts different from those charged in that indictment." 413 F.2d 1061, 1066 (D.C. Cir. 1969). Further, the Circuit recognized that, "the Supreme Court has shown that it takes seriously, and requires to be enforced rigorously, the Fifth Amendment's command that a defendant to a charge of 'infamous crime' be tried only on an 'indictment of a Grand Jury.'" *Id.* at 1067. Quoting an 1887 opinion of the Supreme Court rejecting the suggestion, "that the grand jury would have found the indictment without this language," the Circuit observed:

> But it is not for the court to say whether they would or not. The party can only be tried upon the indictment as found by such grand jury, and especially upon all its language found in the charging part of that instrument. . . . How can it be said that, with these words stricken out, it is the indictment which was found by the grand jury? If it lies within the province of a court to change the charing part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite of a prisoner's trial for a

2

crime, and without which the Constitution says 'no person shall be held to answer,' may be frittered away until its value is almost destroyed.

*Ex parte Bain*, 121 U.S. 1, 9-10 (1887), quoted in *Gaither*, 413 F.2d at 1067.

Here, the Grand Jury returned an indictment charging Mr. Klein with assaulting specific officers in counts seventeen (17) and nineteen (19). The Grand Jury knew it need not do so because it did not charge Mr. Klein with assaulting a specific officer in count twenty-seven (27). To ignore the specific language returned by the Grand Jury in counts seventeen (17) and nineteen (19) is to contravene Mr. Klein's rights under the Fifth Amendment to the Constitution.

### The Government Should not be Permitted to Reopen its Case

"Once the evidence has been closed, whether to reopen for submission of additional testimony is a matter left to the trial court's discretion." *United States v. Fredriksson*, 893 F.2d 1404 (D.C. Cir. 1990) (quoting *United States v. Jones*, 880 F.2d 55, 59 (8th Cir. 1989)). In *Fredriksson*, the Circuit affirmed the District Court's refusal to reopen the record *to allow the defendant* to testify. In so doing, it cited the factors laid out by the Fifth Circuit in *United States v. Walker*, 772 F.2d 1172, 1177 (5th Cir. 1985). Those factors include: "the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion." *Id.* (quoting *United States v. Thetford*, 676 F.2d 170, 182 (5th Cir. 1982), *cert denied* 459 U.S. 1148 (1983)).

One factor alone – the effect of reopening the record and the prejudice to Mr. Klein – cannot be overstated. Only where the Court permits the government to reopen the record can Mr. Klein be found guilty of counts seventeen (17) and (19) nineteen. The facts and circumstances that give rise to this issue also warrant express reference. Here, in the same breadth that the Court confirmed the government had rested its case, it inquired of the government as to why it had not offered evidence sufficient to identify officers A.G. and C.W. Had the Court not made such an inquiry, Mr. Klein would have concluded his case in chief

3

without presenting any evidence and the parties would have proceeded to closing argument. Surely it cannot be said that in the middle of closing argument the Court would have permitted *either party* to reopen the record so as to establish or refute some evidence which they realized in summation was lacking in the record.

Indeed, this was not the first time the Court had asked about officer A.G. – during its examination of SA Fulp, the Court asked government counsel about officer A.G. and government counsel nevertheless failed to have SA Fulp identify officer A.G.  It thus cannot be said that the government wasn't on notice that the Court was mindful of its obligation to identify officer A.G. – *who was present in the courtroom during part of the government's case-in-chief.*

In *Jones*, cited by the D.C. Circuit, the Eighth Circuit emphasized the import of fairness in reopening the record, "[u]nquestionably, the need for order and *fairness* in criminal trials is sufficient to justify firm, though not always inflexible, rules limiting the right to testify; and, of course, numerous rules of undoubted constitutionality do circumscribe the right."  880 F.2d at 59 (emphasis added).  And again, in *Jones*, the Circuit was affirming the trial court's refusal to reopen the record *for the defendant to testify.*  Here, the government's negligence in failing to offer evidence sufficient to identify the officers named in the operative indictment does not warrant reopening the record, especially given the facts and circumstances giving rise to the issue in this case.  *See King v. United States*, 550 A.2d 348 (D.C. 1988) (citing *Walker*, 772 F.2d at 1177-82).

**[SIGNATURE ON NEXT PAGE]**

Dated: July 14, 2023                    Respectfully submitted,

                                        _____/s/ Stanley E. Woodward, Jr._____
                                        Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                        BRAND WOODWARD LAW, LP
                                        400 Fifth Street, Northwest
                                        Washington, DC  20001
                                        202-996-7447 (telephone)
                                        202-996-0113 (facsimile)
                                        Stanley@BrandWoodwardLaw.com

                                        *Counsel for Defendant Federico Guillermo Klein*

## <u>CERTIFICATE OF SERVICE</u>

On July 14, 2023, the undersigned hereby certifies that a true and correct copy of the

foregoing was electronically filed and served via the CM/ECF system, which will automatically

send electronic notification of such filing to all registered parties.

*/s/ Stanley E. Woodward, Jr.*

Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com
