UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-40 (TNM) |
| : | |
| CHRISTOPHER JOSEPH : | |
| QUAGLIN, : | |
| : | |
| Defendant. : | |

## OPPOSITION TO DEFENDANT'S MOTION
## FOR ACCESS TO DISCOVERY, LAPTOP, AND INTERNET

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion in opposition to defendant Christopher Quaglin's Motion for Discovery, Laptop, and Internet, Dkt. 777. In the motion, the defendant requests that the Court "grant him access to Evidence.com," and indicates that he would "like" full access to discovery, access to a laptop, and Internet access. Dkt. 777.

The defendant is currently housed at the D.C. Jail. At the D.C. Jail, the defendant has (1) full-time access to a tablet, which can be used to access Evidence.com, as well as additional discovery databases such a Relativity and Fastcase, (2) 24/7 access to his attorney (who also has full access to discovery databases, including Evidence.com), who can review discovery with the defendant in person, (3) access to a telephone that he can use to make unmonitored calls to his attorney, (4) access to an electronic messaging communication portal, which he can communicate with his attorney, and (5) access to a laptop provided by the jail upon request, for periods of two weeks at a time, upon which he can review discovery, including any hard drives provided by his counsel.

1

The defendant does not mention any of these numerous means of access to discovery in his motion, nor does he explain why these methods of access—which are consistent among all inmates—are inadequate or insufficient to permit him to adequately prepare for sentencing. The only request that the defendant makes, which he does not presently have access to, is unfettered access to the Internet. The defendant does not explain why unfettered access to the Internet is necessary to review discovery. In fact, all of the defendant's discovery can be viewed without access to the Internet. To the extent that Internet were required to review certain discovery, the defendant's attorney has access to the Internet and, as described above, can place discovery on a hard drive for the defendant's review. Therefore, the Court should deny the defendant's motion as moot as it relates to his request to access Evidence.com and his request for a laptop, and the Court should deny the defendant's request for unfettered access to the Internet because he has provided no basis for such a broad and extraordinary request.

Finally, the defendant states that he would like full access to discovery. The government has produced (and reproduced, many times) all of the defendant's discovery to each of the defendant's attorneys. The defendant does not explain why he cannot presently review discovery with his attorney. The defendant's attorney has not conferred with government counsel on any issues regarding access to discovery or otherwise asserted that discovery was not available or accessible. And, as explained above, the defendant has numerous means to access and review discovery. The Court should deny the defendant's conclusory and unsupported motion.

                                              Respectfully submitted,

DATED: April 26, 2024                MATTHEW M. GRAVES
                                              United States Attorney
                                              D.C. Bar No. 481052

                                              By: */s/ Ashley Akers*

ASHLEY AKERS
MO Bar #69601
Trial Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, DC 20530
Phone: (202) 353-0521
Email: Ashley.Akers@usdoj.gov

LAURA HILL
Trial Attorney