IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *Plaintiff*, <br><br> v. <br><br> **CHRISTOPHER JOSEPH QUAGLIN**, *Defendant*. | Case. No.: 21-cr-40-TNM |

## MOTION TO REFUND RESTITUTION AND ASSESSMENT

Defendant Christopher Quaglin ("Mr. Quaglin"), through undersigned counsel, respectfully moves the Court to recover the $2,000 he paid the government in restitution, and the $1,220 he paid as an assessment. Ex. 1 (letter and bank statement). In 2025, the U.S. Court of Appeals for the District of Columbia Circuit vacated Mr. Quaglin's direct appeal in this matter, based on President Trump's pardon. Docket Entry ("DE-") 849-1. This Court subsequently dismissed this case as moot. Minute Entry (Feb. 12, 2025). At least two courts in this district have recently concluded that similarly situated defendants are entitled to receive refunds. *See United States v. Ballenger*, No. CR 21-719 (JEB), 2025 WL 3467569, at *6 (D.D.C. Dec. 3, 2025) (Boasberg, J.) ("Defendants have a right to refunds, and neither the Appropriations Clause nor the Government's sovereign immunity bars payment. The Court will therefore refund Defendants' assessments and restitution."); *United States v. St Cyr*, No. CR 22-185 (JDB), 2025 WL 2466044, at *9 (D.D.C. Aug. 27, 2025) (Bates, J.) ("the government has no right to retain [defendant]'s $2,270, which the law deems always hers, and the Court will grant her motion for a refund of the restitution and special assessment that the government holds"). This Court should follow the *Ballenger* and *St Cyr* opinions, and refund Mr. Quaglin's restitution and assessment.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 24, 2024, this Court found Mr. Quaglin guilty of various counts contained in the Fifth Superseding Indictment. Minute Entry (May 24, 2024). The Court ordered Mr. Quaglin to pay $2,000 in restitution and an assessment of $1,220. *Id.*; *see also* DE-801 (judgment). Mr. Quaglin paid $3,220 for the restitution and assessment. Ex. 1 (letter and bank statement showing payment).

Mr. Quaglin appealed this Court's sentence and judgment. DE-797. On February 4, 2025, while the appeal was pending, the government moved to vacate Mr. Quaglin's convictions based on President Trump's pardon, and to remand the case to the district court for dismissal. Ex. 2 (government motion). The U.S. Court of Appeals for the District of Columbia Circuit vacated Mr. Quaglin's appeal and remanded this case with instructions. DE-849. This Court then dismissed this case as moot. Minute Entry (Feb. 12, 2025).

**DISCUSSION**

The Court should order the government to refund Mr. Quaglin's restitution and assessment payments for two reasons: First, Mr. Quaglin's appeal was rendered moot by President Trump's pardon, which "prevent[ed] [his] conviction from being tested on appeal." *Ballenger*, 2025 WL 3467569, at *3. "[A] defendant whose conviction is vacated has a right to be refunded the money she paid the government under her sentence, regardless of the reason for the vacatur" *St Cyr*, 2025 WL 2466044, at *6. Second, this Court has the authority to order the government to return Mr. Quaglin's money, consistent with the Appropriations Clause. *See Ballenger*, 2025 WL 3467569, at *3 (finding authority under 28 U.S.C. § 1304 and "a longstanding rule of equity"); *St Cyr*, 2025 WL 2466044, at *6–8 (find-ing the court has authority under 28 U.S.C. § 1304 and

2

28 U.S.C. § 1346). The Court should therefore grant the instant motion.

   I.   **Mr. Quaglin has a right to recover the money he paid pursuant to his now-vacated conviction.**

"[V]acated court orders are void *ab initio* and thus lack any prospective legal effect." *Hewitt v. United States*, 606 U.S. 419, 431 (2025). "By operation of legal fiction, the law acts as though the vacated order never occurred." *Id.* "A defendant whose conviction was vacated therefore holds the same legal status as a defendant who was never convicted in the first place." *Ballenger*, 2025 WL 3467569, at *2 (citing *Hewitt*, 606 U.S. at 431–32). "After vacatur, then, the Government has no legal ground for keeping Defendants' money and must return it." *Id.*

Here, like in *Ballenger* and *St Cyr*, Mr. Quaglin's conviction was vacated while his case was on direct appeal. *See* DE-849 (D.C. Circuit order vacating conviction). Thus, the Court should follow the reasoning of those cases and find that Mr. Quaglin has a right to recover his restitution and assessment payments because "[i]n the eyes of the law, no conviction ever existed that permitted the government to exact [defendant's] funds in the first place." *St Cyr*, 2025 WL 2466044, at *3 (citing *Nelson v. Colorado*, 581 U.S. 128, 135–36 (2017))); *see also id.* at 4 ("Once a defendant's convictions are 'erased,' the government can no more hold on to his money than it can hold on to his liberty." (quotation omitted)); *Ballenger*, 2025 WL 3467569 at *2 (comparing the instant situation to one where "a defendant is convicted, appeals, and dies while his appeal is pending" and surveying circuit precedent concluding defendants are entitled to a refund).

In earlier opinions, courts in this district have found no authority for ordering the return of restitution and assessment payments. *See United States v. Sullivan*, 783 F. Supp. 3d 385, 393–94 (D.D.C. 2025); *United States v. Vargas*, 789 F. Supp. 3d 60, 65–66 (D.D.C. 2025); *United States v. Hager*, 2025 WL 1886135, at *2 (D.D.C. July 3, 2025);

3

*United States v. Sutton*, 2025 WL 2149396, at *2 (D.D.C. July 15, 2025). However, these decisions largely ignore whether the government has a right to retain defendants' restitution and assessments following a vacatur. *See, e.g.*, *Sullivan*, 783 F. Supp. 3d at 391 (assuming without deciding that even if defendant had a right to reimbursement, the court had no authority to order reimbursement); *Vargas*, 789 F. Supp. 3d at 65 (focusing analysis on the question of whether the court had the "power to order a refund"); *Hager*, 2025 WL 1886135, at *2 (following *Sullivan* and *Vargas*); *Sutton*, 2025 WL 2149396, at *2 (same). This Court should thus follow the vacatur analysis in the more recent *Ballenger* and *St Cyr* decisions instead.

## II. The Court has authority to refund Mr. Quaglin's funds.

While the Constitution prohibits any money being "drawn from the Treasury, but in Consequence of Appropriations made by Law," U.S. Const. art. I, § 9, cl. 7, the Appropriations Clause is satisfied here. "Congress has appropriated funds to pay final judgments against the United States" through 31 U.S.C. § 1304(a). *St Cyr*, 2025 WL 2466044, at *7. But to satisfy § 1304(a) a "party must first have an independent right to compensation and a way to turn that right into a court order requiring the Government to pay him." *Ballenger*, 2025 WL 3467569, at *3 (citing *United States v. Testan*, 424 U.S. 392, 401–02 (1976)). Here, Mr. Quaglin satisfies § 1304(a) in at least two different ways.

First, under 28 U.S.C. § 1346(a)(2), the Little Tucker Act, district courts have "jurisdiction over certain claims against the United States that do not exceed $10,000." *Id*. And while § 1346(a)(2) generally requires a specific "statute, contract, or Constitutional" authorization awarding money damages, "there is an exception 'for suits seeking the return of property improperly exacted or retained." *Id*. (quoting *Kizas v. Webster*, 707 F.2d 524, 538 n.74 (D.C. Cir. 1983)). Section 1304(a) likewise incorporates

4

a similar exception. *Id.* (quoting *Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 432, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990)). Thus, because Mr. Quaglin's conviction has been vacated, pursuant to 31 U.S.C. § 1304(a) and 28 U.S.C. § 1346(a)(2), this Court has authority to refund Mr. Quaglin's restitution and assessment, consistent with the Appropriations Clause.

Second, § 1304(a) is also satisfied by a longstanding "principle of equity" that "courts have the power to undo their judgments that were reversed or vacated, restoring any payments that the now-void judgment forced a party to make." *Ballenger*, 2025 WL 3467569, at *4 (citing Supreme Court cases and tracing this principle to the practice in English courts). This practice has long been used to "restore[] payments that a party made because of a judgment that was reversed on appeal," *id.*, and "applies equally to judgments that have been vacated," *id.* at *5. Thus, the Court has the power to order the government return Mr. Quaglin's money, Mr. Quaglin has a substantive right to get his money back, and the Court "can enforce that right by directing the United States to return" his payment. *Id.* This order in turn "creates a valid judgment" in favor of Mr. Quaglin, which satisfies § 1304, and the Appropriations Clause. *Id.*

## CONCLUSION

Because Mr. Quaglin has a right to recover his restitution and assessment payments and the Court has the authority to return that payment, the Court should grant this motion.

**WHEREFORE,** it is respectfully requested that the Court grant this motion.

**RESPECTFULLY SUBMITTED.**

February 4, 2026.

**Rachel Brill**
Federal Public Defender
District of Puerto Rico

**s/Celso Javier Pérez Carballo**
Assistant Federal Public Defender

241 F.D. Roosevelt Ave.
San Juan, P.R. 00918-2441
(787) 281-4922/ Fax (787) 281-4899
E-mail: celso_perez@fd.org

**\*Certification:** I ECF-filed this motion, notifying all parties of record.